# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THOMAS AND WONG CONTRACTORS,
a Brunei Corporation,

      Plaintiff,

vs.                                                        No. CIV-05-892 JB/LAM

BDV INVESTMENTS, INC., a Minnesota
Corporation; Donald E. Noe [Nooe], and
Donald E. Nooe, dba D.E.N. ENTERPRISE,
a Trust Organization; Victor Lee Wark and
Audrey L. Wark, husband and wife; William F.
Cortegiano, and John Beardmore,

      Defendants,

and

RICHARD G. KIRBY, an individual and
individual Trustee as the real party of
security interest,

      Intervenor.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*, on Richard G. Kirby's Notice of

Removal, filed August 22, 2005 (Doc. 1).  Because the Court finds that Kirby, as a non-party, did

not have authority to remove this case, that Kirby was directly ordered by the state court to not file

anything in this case, and that the Court lacks subject matter jurisdiction over a case that continues

in state court without Kirby's involvement, the Court orders this matter remanded to the Sixth

Judicial District Court, Grant County, State of New Mexico.

## PROCEDURAL BACKGROUND

Kirby filed a notice of removal on August 22, 2005, <u>see</u> Doc. 1, and filed an Application for

Writ of Certiorari on September 9, 2005 requesting the state court records, see Doc. 2.  It appears that Kirby removed the case pursuant to 28 U.S.C. § 1441(a) alleging both federal question jurisdiction and diversity jurisdiction.  See Notice of Removal at 5-10.

On March 14, 2006, the Honorable Leslie C. Smith, United States Magistrate Judge, entered an order directing Kirby to show cause why the Court should not remove this matter to state court because of improper removal.  See Order to Show Cause at 1 (Doc. 7).  Kirby responded to the order to show cause on April 1, 2006, alleging that removal had been properly executed.  See Intervenor's Response to Show Cause Order at 1-3 (Doc. 8).

## LAW REGARDING REMOVAL AND REMAND

28 U.S.C. § 1441(a) provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"Given the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record."  Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. Appx. 775, 778 (10th Cir. 2005).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)(citation omitted).

"[R]emoval is the prerogative of the defendant only . . . ."  Johnston v. Young, 57 Fed. Appx. 392, 394 (10th Cir. 2003).  See, e.g., Geiger v. Arctco Enterprises, Inc., 910 F. Supp. 130, 131 (S.D.N.Y.1996)("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants.");  Kane v. Republica De Cuba, 211 F. Supp. 855, 856-58

(D.P.R.1962)(finding that a non-party who has not formally intervened may not remove a case from state court); <u>Newman & Cahn, LLP v. Sharp</u>, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005)("A non-party has no authority to seek removal under the removal statutes.  Similarly, an individual that claims to be a real party in interest has no authority to seek removal.")(citations omitted); 16 J. Moore, Moore's Federal Practice ¶ 107.11[2], at 107-42.1 (3d ed. 2005)("The general removal statute does not permit plaintiffs to remove an action that they filed in state court.").

   28 U.S.C. § 1447(c) provides:

   A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

   28 U.S.C. § 1446 provides in relevant part:

   (a) A defendant [] desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . .

   (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . .

   If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

18 U.S.C. § 1446(a)-(b).

## <u>ANALYSIS</u>

   Kirby contends that he has sufficiently shown that he should be allowed to intervene, and that as an intervenor, he has the right to remove this action.  <u>See</u> Intervenor's Response to Show Cause

Order at 1-3.  Kirby's problem is that he is not an intervenor.  The state court stated in an order dated

September 1, 2005 -- after Kirby filed the notice of removal on August 22, 2005 -- that Kirby had

not intervened.  See Thomas and Wong Contractors v. BDV Investments, Inc., No. CV 2003-024,

Sua Sponte Order ¶ 3, at 5 (dated September 1, 2005).  Kirby has not intervened, and thus he was

a non-party to this lawsuit when he filed the notice of removal.  As a non-party who has not

intervened, he has no right to remove this action.[1]  See Kane v. Republica De Cuba, 211 F. Supp. at

856-58 (D.P.R. 1962)(finding that a non-party who has not formally intervened may not remove a

case from state court); Newman & Cahn, LLP v. Sharp, 388 F. Supp. 2d at 117 (E.D.N.Y. 2005)("A

non-party has no authority to seek removal under the removal statutes.  Similarly, an individual that

claims to be a real party in interest has no authority to seek removal.").  Because Kirby is a non-party

and has not formally intervened, he had no authority to file a notice of removal.

The question then becomes whether the Court is authorized to remand this action to state

court given that the thirty-day time limit has passed.  If the removal by a non-party is jurisdictional,

then the Court must remand regardless of the thirty-day time limit at any time before final judgment

is entered.  See 28 U.S.C. § 1447(c); Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 45-47 (1st

Cir. 2003); Moore, supra ¶ 107.41[1][a][i], at 107-186 ("Whenever it appears, at any time before

---

[1] There is another problem with this removal.  First, the state complaint was filed on July 1,
2003.  Notice of Removal at 1-2.  Although it appears from Kirby's assertions in his notice of
removal that complete diversity exists, and that the amount in controversy is met, Kirby did not file
his notice of removal until August 22, 2005 -- "more than 1 year after commencement" of this action,
and thus in violation of 1446(b).  The United States Court of Appeals for the Tenth Circuit has,
however, indicated that removing a diversity case, after the 1-year time period, is a procedural defect.
See Miller v. Lambeth, 443 F.3d 757, 760 (10th Cir. 2006)("The [district] court stated that the
removal petition asserted diversity jurisdiction and was therefore time-barred because it was filed
more than a year after the commencement of the action in state court. . . .  The remand was thus
because of an alleged defect in the removal procedure.").

final judgment, that the federal district court lacks subject matter jurisdiction, the court must remand

the case.").  If the removal by a non-party constitutes a procedural defect, then the Court may not

remand the action because the thirty-day time limit has passed.  See 28 U.S.C. § 1447(c); Mitskovski

v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131-132 (2d Cir. 2005).

 The Court finds that the removal of a state court action by a non-party is jurisdictional.  See

Moses v. Shawnee, Inc., No. 00-3447, 2000 U.S. Dist. LEXIS 10665, at *2-3 (E.D. Pa. July 31,

2000). Cf. Jackson v. State of Oklahoma, Nos. 05-6184, 05-6199, 05-6237, 2006 U.S. App. LEXIS

7702, at *4-6 (10th Cir. March 27, 2006)(affirming district court's dismissal of action for lack of

subject matter jurisdiction where *plaintiff* attempted to remove action, it appeared there was no

pending state court action to remove, and district court did not have supervisory jurisdiction or any

mandamus authority); Grijalva v. Safeway Stores, Inc., No. 93-2047, 1993 U.S. App. LEXIS 16837,

at *2-3 (10th Cir. June 18, 1993)(noting that district court order for remand fit within the purview

of remand for lack of subject matter jurisdiction where district court stated that it lacked jurisdiction

because: (i) "there [was] no indication from the pleadings that the state tort action contains any

federal questions"; and (ii) "the party seeking removal to [the district court] [was] not the defendant

in the State Civil Action."); Earl L. Jones v. General Motors Corporation et al., CIV No. 99-797 JP,

Memorandum Opinion at 1-3, filed July 29, 1999 (Doc. 3), and Order at 1, filed July 29, 1999 (Doc.

4)(D.N.M. 1999)(dismissing case for lack of subject matter jurisdiction where the *plaintiff* filed a

notice of removal.).  But see Hamilton v. Aetna Life and Casualty Co., 5 F.3d 642, 644 (2d Cir.

1993)(treating the plaintiff's filing of notice of removal as a procedural defect subject to the thirty-day

time limit under 18 U.S.C. § 1447(c)); American Home Assurance Co. v. RJR Nabisco Holdings

Corp., 70 F. Supp. 2d 296, 299 (S.D.N.Y. 1999)(treating non-party's filing of notice of removal as

a procedural defect subject to the thirty-day time limit).  While the United States Court of Appeals for the Tenth Circuit has not decided whether removal by a non-defendant is procedural or jurisdictional, it has in one case -- <u>Jackson v. State of Oklahoma</u> -- affirmed a district court's dismissal of an action for lack of subject matter jurisdiction where one of the factors the court relied on was that the plaintiff attempted to remove the action, and in another case -- <u>Grijalva v. Safeway Stores, Inc.</u> -- it noted that the district court order for remand fit within the category of remand for lack of subject matter jurisdiction where district court relied in part on the fact that the party seeking removal to the district court was not the defendant in the state action.  While the Court is aware that the United States Court of Appeals for the Second Circuit treated removal by a plaintiff as procedural, it only addressed the issue briefly and without analysis of why it was assuming the plaintiff's removal was procedural rather than jurisdictional.  In any case, the Court need not decide that removal by a plaintiff is always jurisdictional to decide that removal by this non-party is jurisdictional in the context and circumstances of this case.

The District Court for the Eastern District of Pennsylvania discussed whether removal by a plaintiff is procedural or jurisdictional in nature:

> Most remarkably, this case was removed by the plaintiff.  The right to remove a case is restricted to defendants.  <u>See</u> 28 U.S.C. § 1441(a); <u>Geiger v. Arctco Enters., Inc.</u>, 910 F. Supp. 130, 131 (S.D.N.Y. 1996)("It is clear beyond a peradventure of a doubt that the right of removal is vested exclusively in defendants.").

> Procedure generally encompasses how, when and where something is to be done and not the existence of a right to do that thing at all.  A restriction by Congress on who may bring or remove an action at all would seem to implicate jurisdiction.  The Supreme Court has referred to this restriction as jurisdictional.  <u>See</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 107 (1941)(restriction to defendants of right of removal "indicates the Congressional purpose to narrow the federal jurisdiction on removal."

Moses v. Shawnee, Inc., 2000 U.S. Dist. LEXIS 10665, at *2-3.  The Court agrees that it appears that "[a] restriction by Congress on who may bring or remove an action at all would seem to implicate jurisdiction."  A non-party filing a notice of removal is not the same as procedural defects such as timing requirement violations or lack of consent from all defendants.  In those situations, the party filing the notice of removal has not complied with the technicalities of the removal statute.  A non-party filing a notice of removal does not merely fail to comply with the technical and procedural requirements of the statute, but rather, has no right to file a notice of removal in the first place.  Congress specifically limited removal to defendants.  And, as the Supreme Court stated, "[allowing only a defendant to remove] indicat[es] the Congressional purpose to narrow the federal jurisdiction on removal . . . ."  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. at 107.  The Supreme Court appears to suggest that the defendant's right to remove an action implicates jurisdiction.

When a non-party files a notice of removal, the initiation of the removal itself is defective and without jurisdiction.  A different result would allow any non-party, whether interested in the litigation or not, to file a notice of removal, and after thirty days, the actual parties to the lawsuit would be forced to litigate their dispute in a forum not of either parties' choosing, even if all parties to the action decided that they wanted to be in state court.  The better rule is that a defendant's right to remove is jurisdictional and can be addressed after the thirty-day period has run.

Because the Court finds that Kirby is a non-party, had no right to remove this action, and the Court lacks subject matter jurisdiction, it will remand this action to the state court.[2]

---

[2] It appears that Kirby is the only person treating this case as removed.  Since Kirby filed a notice of removal, 13 entries have been filed in the state court.  See Thomas and Wong Contractors v. BDV Investments, Inc., No. CV 2003-024, Docket Sheet at 1-2.  The state court proceedings appear to have continued in spite of Kirby's notice of removal.  The continuation of the state case could be a result of the state court's *sua sponte* order, precluding Kirby from filing any pleadings in

**IT IS ORDERED** that this case is remanded to the Sixth Judicial District, Grant County, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Non-party*:

Ralph E. Ellinwood
Ellinwood & Bates, PC,
Tucson, Arizona

    *Attorney for the Plaintiff*

Richard G. Kirby
Albuquerque, New Mexico

    *Pro Se Non-party*

---

the case, see Thomas and Wong Contractors v. BDV Investments, Inc., No. CV 2003-024, Sua Sponte Order at 1, and the state court's directive that the notice of removal not be filed in the state court, see Affidavit in Support of Application for Writ of Certiorari ¶ 6, at 3, filed September 16, 2005 (Doc. 3).